Filed 8/18/23  P. v. Washington CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>RODERICK N. WASHINGTON,<br><br>　Defendant and Appellant. | 2d Crim. No. B327192<br>(Super. Ct. No. CR31586)<br>(Ventura County) |

Roderick N. Washington appeals from the trial court's denial of his motion to vacate a conviction allegedly obtained due to racial bias.  (Pen. Code,[1] §§ 745, 1473.7, subd. (a)(3).)

In 1993, Washington pleaded no contest to grand theft of a vehicle (§ 487, former subd. (3)), and admitted that he had previously been convicted of that offense (§ 666.5, subd. (a)) and served a prior prison term (§ 667.5, former subd. (b)).  The trial court sentenced him to four years in state prison.

---

[1] Statutory references are to the Penal Code.

In 2022, Washington moved to vacate his conviction pursuant to sections 745 and 1473.7,[2] alleging it was obtained due to racial bias in the proceedings. The trial court denied the motion, finding that the provisions of section 745 did not apply to Washington.

We appointed counsel to represent Washington in this appeal. After examining the record, counsel filed an opening brief that raises no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.) Washington then filed a supplemental brief. (See *id.* at p. 232.) In it, he contends the trial court should have granted his motion and allowed him to discover documents that would purportedly support his claim of racial bias. But as that court explained, the provisions of section 745 do not yet apply to Washington. (See § 745, subd. (j)(5) [section does not apply to cases like Washington's until January 1, 2026].[3]) And our independent review of the record reveals that no other arguable issue exists. (*Delgadillo*, at p. 232.)

---

[2] Washington erroneously refers to section 1473.7 as section 1473.1 in his motion.

[3] From the return address on his supplemental brief, it appears that Washington is now incarcerated in the Los Angeles County Jail. If he remains incarcerated on January 1, 2024, he may raise the contentions in his motion to vacate his conviction pursuant to section 1473.7, subdivision (a)(3), in a petition for writ of habeas corpus filed pursuant to section 1473, subdivision (f). (See § 745, subd. (j)(3).)

DISPOSITION

The trial court's order denying Washington's motion to vacate his conviction, entered January 9, 2023, is affirmed. NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

3

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.